IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DAMONT ANDRE' WILLIAMS                                                                    PLAINTIFF

v.                                    Case No. 4:17-cv-4039

OFFICER PITTMAN, LaSalle Corrections/
Bi-State Jail; OFFICER ROBINSON, LaSalle
Corrections; and LASALLE CORRECTIONS,
Private Owner of the Bi-State Jail                                                        DEFENDANTS

## ORDER

This is a civil rights case filed *pro se* by Plaintiff Damont Andre' Williams under the provisions of 42 U.S.C. § 1983. At the time he filed the complaint, Plaintiff was incarcerated in the Bi-State Justice Center in Texarkana, Arkansas. Currently before the Court is Plaintiff's failure to prosecute this case and Plaintiff's failure to comply with the Court's orders.

On June 1, 2017, the Court directed Plaintiff to submit a completed *in forma pauperis* ("IFP") application with a certification regarding inmate funds held in his name by June 19, 2017. (ECF No. 3). The order stated that Plaintiff's failure to return the completed IFP application or pay the $400 filing fee by June 19, 2017, would subject the complaint to summary dismissal for failure to obey an order of the Court.

On June 14, 2017, the Court's June 1, 2017 order was returned as undeliverable. (ECF No. 5). As of the date of this Order, Plaintiff has not filed the completed IFP application or paid the $400 filing fee. He has not sought an extension of time to do so. Plaintiff has not communicated with the Court since June 1, 2017.

On July 13, 2017, the Court entered an order to show cause by July 24, 2014 as to why the Plaintiff failed to submit a completed IFP application to the Court. (ECF No. 6). The order noted that failure to comply with the order to show cause would result in the complaint becoming subject to summary dismissal for failure to obey an order of the Court. On August 1, 2017, the Court's show

cause order was returned as undeliverable. As of the date of this Order, Plaintiff has not provided the Court with a valid, current address.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case because the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and orders, as well as for Plaintiff's failure to prosecute this case.

**IT IS SO ORDERED**, this 24th day of August, 2017.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge